IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALIREZA HENDIJANI,

Defendant.                                           No. 08-30258-DRH

## SENTENCING ORDER

**HERNDON, Chief Judge:**

This Order is to memorialize and supplement the Court's statements made when it imposed the sentence in open court on Defendant Alireza Hendijani on May 13, 2009.

This judge acknowledged during court that his obligation was to fashion an individualized sentence in examining all of the factors under **18 U.S.C. § 3553(a)**. Further, that while the Sentencing Guidelines must be considered, they must not be considered mandatory as they are only advisory. In so considering, this judge specifically pointed out that he would not presume the reasonableness of a guideline sentence and would examine the full sentencing range pursuant to the statute from below the guideline, to within the guideline, and above the guideline.

The Court found in this case, the statutory range of custody was not more than five years in prison, the statutory range of supervised release after incarceration was not more than three years. Probation was available, statutorily, for a period of one to five years. The statutory fine range was no more than $250,000. A special assessment of $100 was mandatory. Within the guidelines, the Court found the custodial range to be twelve to eighteen months. This is based on a total offense level of 11 and a criminal history category of III. The guideline term of supervised release was two to three years with no eligibility for probation. The fine range was found to be $2,000 to $20,000. The special assessment was found to be the obligatory $100 per felony count.

In reviewing the factors under **18 U.S.C. § 3553(a)**, the Court found a number of troublesome items. The statute directs the Court to examine the terms of the nature and circumstances of the offense and the seriousness of the offense, if relevant. Here, the Court finds that they are relevant and that the elements of the offense are certainly serious. The Defendant pled guilty to the charge of knowingly possessing a prohibited object. In this case, the object was a weapon or an object designed or intended to be used as a weapon, at bar, a weapon in the fashion of an ice pick. It is a dangerous thing to have weapons in prison. Certainly, the possession of a weapon in a prison presents dangerous implications because it can be used to facilitate an escape, or could lead to the injuring of correctional officers or other inmates. Here, Defendant is the sole offender of this serious crime. Although Defendant is said to have made a statement at one point in time, to a

cellmate, that he possessed the weapon because of troubles he was having with other inmates, his justification still has the potential to lead to one of the serious implications previous mentioned, particularly that the weapon could be used to harm other inmates, correctional officers, or both. Further, the Court can not shut out the possibility that the Defendant might have used this weapon in order to facilitate an escape.

Further, the Court found the history and characteristics of the Defendant to be also troublesome. Defendant has a drug offense and more significantly firearms figured in both of Defendant's prior convictions, so he is certainly no stranger to the use of weapons. His first conviction was for carrying a concealed weapon. At the time of his arrest for the conviction that placed him with the Bureau of Prisons, Defendant revealed a loaded 9mm semi-automatic pistol. The Defendant later informed agents that he had an AK-47 assault rifle and an AR-14 or AR-15 assault rifle located in the attic at his home. Defendant clearly has a history of carrying dangerous weapons. Defendant's history in the federal prison system has also not been exemplary. The Bureau of Prison records indicate that Defendant has been the subject of several disciplinary reports. He has numerous violations including not "cuffing up" because he did not receive an hour of recreation, stating that he was going to get an officer back for destroying his property/threatening bodily harm, refusing an order given by staff and being insolent, and possession of a weapon (the instant offense). While his record in prison is equally troublesome, his prison misbehavior is not accounted for in the guideline criminal history.

The Court must also take into account the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. This factor certainly weighs heavily in this case because the appropriate message to Defendant and other inmates is not something that a simple slap on the wrist will adequately answer. This kind of behavior can simply not be tolerated.

Further, the Court must render a sentence that will afford adequate deterrence to criminal conduct and protect the public from further crimes of the Defendant. Defendant has been involved in multiple crimes on the street which have resulted in multiple convictions, the last conviction carrying a lengthy sentence for which Defendant is currently serving. Despite all of this, Defendant has apparently not been convinced that he can not go about committing crimes. He has continued to have a series of incidents of misbehavior while serving his current sentence. The Court is then left with the question of what will get Defendant's attention. What is the appropriate message to the Defendant that will make him realize that his days of committing crimes has to be over? His misbehavior in prison shows that he has not gotten the message that he has to live by the rules of the society in which he is living, whether that be in prison or out on the street amongst the public. Further, his behavior while in prison is not a positive precursor for what can be expected when he gets out of prison. If Defendant has difficulty living within the structured confines of a prison, his behavior does not bode well for his ability to live in the non-structure of society.

What, then, will promote respect for the law and provide just punishment for the offense at bar? Defendant's counsel asks that the Court sentence Defendant to the low range of the guidelines because he is already being punished. She points out that once the weapon was recovered, Defendant was placed in a Special Housing Unit and has been in segregation until the time he was brought to court and will remain in the Special Housing Unit upon his return until he is transferred to a higher security facility. In fact, he was already headed to the Special Housing Unit when the ice pick was discovered. The Government suggests that Defendant should receive a mid-range guideline sentence of fifteen months because he did plead guilty and agreed with the stipulation of facts, although Defendant never admitted possession of the weapon. The Court in examining the factors above, including criminal history and prison behavior unaccounted for by the Guidelines, and relying on the findings made, in making every effort to individualize the sentence at bar, while addressing the factors of the statute and looking to the maximum sentence of the offense, five years, the Court determines that a sentence of 2 years (24 months) is reasonable. A sentence at this level, which is less than one half of the statutory sentence, is appropriate punishment for such a serious crime in order to meet the sentencing objectives discussed above, and is in proportion to the statute (not more than five (5) years). It is a better response to the offense at bar and the history and characteristics of the Defendant than the statutory guideline of twelve to eighteen months or the fifteen months suggested by the Government. The conclusion of the Court is that the Guidelines simply don't adequately take into

account either this Defendant's past criminality, propensity for criminal behavior, nor the seriousness of this offense.

Accordingly, the Defendant is sentenced to twenty-four months incarceration (24 months), three (3) years supervised release, one hundred dollars ($100) fine, and one hundred dollars ($100) special assessment. The term of imprisonment imposed by this Court shall run consecutively to the Defendant's term of imprisonment in Docket No. 01-80054-CR-HURLEY, out of the Southern District of Florida.

**IT IS SO ORDERED.**
Signed this 13th day of May, 2009.

/s/ *David R Herndon*

**Chief Judge**
**United States District Court**